

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ANDREW M. CUOMO
Attorney General

LESLIE G. LEACH
Executive Deputy Attorney General
Division of State Counsel

JUNE DUFFY
Assistant Attorney General in Charge
Litigation Bureau

July 31, 2008

By Hand

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/4/08
```

Honorable Harold Baer
United States District Judge
Southern District of New York
500 Pearl Street, Room 2230
New York, New York 10007

                Re:    Sanchez v. Bernstein
                      08 Civ. 5494 (HB)

Dear Judge Baer:

      On behalf of the two defendants, this letter is written to request an extension to move to dismiss the complaint until August 20, 2008. Alternatively, for the reasons set forth below, we request that the Court dismiss the matter sua sponte because plaintiff admits in his complaint that he did not complete the grievance process prior to filing this complaint and thus failed to exhaust his administrative remedies.

      In the above case, plaintiff (an inmate) essentially asserts that the two medical defendants violated his Eighth Amendment rights by not giving him the pain killer Percocet when it had been recommended by an outside physician after plaintiff's hand surgery. While the underlying merits of this matter are questionable, that is not an issue we need address at this point since plaintiff admits that he did not complete the grievance procedure. Using the standard inmate form complaint, plaintiff admits that he had administrative remedies available to him, states that he filed a grievance at Green Haven Correctional Facility, and then responds to the question "What was the result, if any?" by stating "No answer yet." Complaint, IV. Plaintiff thus admits he filed this matter before receiving a response to his grievance. This is further supported by plaintiff's lack of response to the question about whether plaintiff appealed the grievance decision. Id.

      An inmate does not exhaust his administrative remedies until he completes the grievance process, see Neal v. Goord, 267 F.3d 116, 122 (2d Cir. 2001) ("grievances must now be fully pursued prior to filing a complaint in federal court"), which in New York requires the inmates to

complete the three step grievance process. See N.Y.C.R.R. § 701.5. Here, plaintiff's complaint indicates that he did not complete the grievance process because he filed a grievance but did not wait to get a response before filing this complaint in federal court. Thus, the complaint admits that the grievance process was not completed.

Accordingly, we respectfully request that the Court dismiss this matter sua sponte because plaintiff admits that he had administrative remedies available but did not exhaust them prior to instituting this matter. Alternatively, we request an extension until August 20, 2008 to file a motion to dismiss this case.

Respectfully submitted,

John E. Knudsen
Assistant Attorney General
(212) 416-8625

cc: Carlos Sanchez, 05-A-6204 (via mail)
Green Haven Correctional facility

*Extension granted to August 20, 2008 to file motion to dismiss.*

SO ORDERED:

_____
Harold Baer, Jr., U.S.D.J.
Date: August 4, 2008